IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BETTY C. FIELDS, now known as Betty Jean, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. CV421-020 |
| | ) |
| ETHICON, INC. and JOHNSON & JOHNSON, | ) ) ) |
| Defendants. | ) ) ) |

**O R D E R**

Before the Court is Defendants Ethicon, Inc., and Johnson &
Johnson's (collectively "Defendants") Motion to Strike the May 20,
2021, Declaration of Alan E. Smith, M.D. (Doc. 105), which
Plaintiff has opposed (Doc. 107). For the following reasons,
Defendants' motion (Doc. 105) is **DENIED**.

**BACKGROUND**

Plaintiff brings this action alleging she suffered injuries
as a result of the implantation of Defendant Ethicon's Gynemesh PS
surgical mesh to treat her pelvic organ prolapse. (Doc. 99, Attach.
1 at ¶ 6-7; Doc. 102, Attach. 1 at ¶ 6-7.) On October 19, 2012,
Plaintiff initiated this action by filing her Short Form Complaint
into Multi-District Litigation No. 2327 ("Ethicon MDL") before the
Honorable Joseph R. Goodwin, United States District Court Judge
for the Southern District of West Virginia. (Doc. 1.) Plaintiff

amended her short form complaint on August 6, 2014. (Doc. 18.) By way of background, the MDL Court proceeded in various discovery waves, which were groups of cases designated for pretrial discovery and motion practice under the same timeline. (Doc. 98 at 2.) This case was assigned to the "Wave 10" docket control order. (Id.)

In Pretrial Order 320, which governed Wave 10 cases, Judge Goodwin ordered the deadline for various expert disclosures was March 29, 2019, and the deposition deadline and close of discovery was April 29, 2019. (Doc. 24 at 3.) In earlier waves, Judge Goodwin also prohibited parties in the Ethicon MDL from stipulating to discovery extensions.[1] Dr. Alan E. Smith, the physician who implanted Plaintiff with Defendant Ethicon's Gynemesh PS mesh device (Doc. 99, Attach. 1 at ¶ 7; Doc. 102, Attach. 1 at ¶ 7), was identified as a non-retained expert witness by both Plaintiff and Defendants. (Doc. 107, Attach. 2 at 2; Doc. 107, Attach. 3 at 6.) Dr. Smith was deposed on March 27, 2019. (Doc. 99, Attach. 3 at 2.) While this case was still a part of the Ethicon MDL, Defendants filed their Motion for Partial Summary Judgment on Plaintiff's failure to warn and strict liability-defective product claims on May 9, 2019. (Doc. 67.) The case was officially transferred to this Court on January 26, 2021 (Doc. 87), and

---

[1] Pretrial Order 270, MDL No. 2327, https://www.wvsd.uscourts.gov/mdl/ethicon/pdfs/pto_270.pdf.

Defendants' Motion for Partial Summary Judgment was part of the designated record (Doc. 67).

On March 22, 2021, this Court directed the parties to provide a status update in light of the voluminous record in the case. (Doc. 97 at 1.) Additionally, because Defendants' motion for partial summary judgment had been pending for some time and was originally filed in another court with different local rules, the Court concluded the most prudent course of action was to dismiss the motion and allow Defendants to file a renewed motion. (Id. at 1-2.) The Court instructed both parties that it would "not accept any motion or response that incorporates by reference any factual allegation or argument contained in an earlier filing[,]" and that "[e]ach motion and response should be a stand-alone filing that independently contains all the factual allegations and arguments that the filing party wishes the Court to consider." (Id. at 2.)

Pursuant to the Court's directive, Defendants filed their renewed motion for partial summary judgment on May 6, 2021, again moving for summary judgment on Plaintiff's failure to warn and strict liability-defective product claims, and a statement of undisputed facts in support of the motion. (Doc. 99; Doc. 99, Attach. 1.) In Plaintiff's response to Defendants' motion (Doc. 102), Plaintiff relied on Dr. Smith's March 27, 2019, deposition testimony and a declaration by Dr. Smith executed on May 20, 2021. (Doc. 102 at 3-4; Doc. 102, Attach. 3.) Defendant has now moved

3

for the Court to strike Dr. Smith's declaration as untimely. (Doc. 105 at 1.)

## ANALYSIS

The Court must decide whether it can consider Dr. Smith's declaration, submitted by Plaintiff in response to Defendants' renewed motion for partial summary judgment, where Defendants ask the Court to "strike the [ex parte] Declaration under Federal Rules of Civil Procedure 37(b)(2)(A)(ii) - (iii) because it is untimely and violates this and the MDL Court's prior orders."[2] (Doc. 105 at 1.) Defendants contend "other district courts have refused to permit such late-filed discovery[]" and urge the Court to follow the example of another remanded case involving Ethicon's pelvic mesh product, Pringle v. Johnson & Johnson, No. 13-81022-CIV-MARRA/MATTHEWMAN, 2019 WL 6723822 (S.D. Fla. Dec. 11, 2019). (Id. at 4.) Defendants argue the court in Pringle rejected the plaintiff's affidavit filed after the defendants' motion for summary judgment and after the close of discovery because the "untimely effort to produce a new expert opinion was 'not justified[]' " and not harmless. (Id. (quoting Pringle, 2019 WL 6723822 at *5).) In a footnote in Defendants' Summary Judgment Reply, Defendants also cite Pringle for the proposition that Dr.

---

[2] Based on a review of the parties' arguments, the Court does not believe Defendants' use of the phrase "ex parte" meant they moved to exclude Dr. Smith's declaration on this ground as opposed to simply describing the communication.

Smith's declaration fails to comply with the requirements of Rule 26(a)(2) "to the extent [his] testimony exceeds his observations and treatment of Plaintiff[.]" (Doc. 106 at 7, 7 n.5.)

I.    MARCH 2021 ORDER

As an initial matter, the Court summarily rejects Plaintiff's argument that its March 2021 Order permitting Defendants to refile their motion for partial summary judgment independently authorized Plaintiff's use of Dr. Smith's declaration. (Doc. 107 at 2 (citing Doc. 97 at 2).) Defendants' original motion for partial summary judgment was filed in another district with different local rules. By allowing Defendants to file a new motion for partial summary judgment, the Court merely sought motions, briefs, and responses in compliance with this district's procedures and instructed the parties it would not accept filings that incorporated earlier arguments by reference as it is not the practice of this court to accept piecemeal filings. E.g., Cribbs v. NFI Indus., Inc., No. CV411-263, 2013 WL 5407203, at *1 (S.D. Ga. Sept. 25, 2013).

II.   FEDERAL RULE OF CIVIL PROCEDURE 37(B)

Next, the Court must address the procedural correctness of Defendants' use of a motion to strike pursuant to Rule 37(b). (Doc. 105 at 1.) Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which addresses a court's authority to strike information "from a pleading[.]" Although styled as a motion to strike, Defendants' motion seeks to exclude Dr. Smith's

5

declaration under Rule 37(b) and is more appropriately construed as a motion for sanctions. Pitts v. HP Pelzer Auto. Sys., Inc., 331 F.R.D. 688, 692 (S.D. Ga. 2019); see also Fed. R. Civ. P. 7(a) (listing pleadings allowed in federal court).

The "key phrase" from Rule 37(b)(2) for purposes of this order is that a court may sanction a party if it "fails to obey an order to provide or permit discovery." In re Delta/AirTran Baggage Fee Antitrust Litig., 846 F. Supp. 2d 1335, 1353 (N.D. Ga. 2012). In most cases addressing sanctions pursuant to Rule 37(b)(2), a party failed to cooperate following an order to compel discovery. Id. at 1354 (collecting cases); see also In Re Zantac (Ranitidine) Prod. Liab. Litig., No. 20-MD-2924, 2021 WL 1739293, at *3 (S.D. Fla. May 3, 2021) (concluding Rule 37(b)(2) did not apply because the pretrial order at issue required defendants to list information, not provide or permit discovery). Neither party has provided authority as to how Pretrial Order 320, which sets a deadline for the close of discovery, "qualifies as an order providing for or permitting discovery under subsection (b)(2)." In re Delta, 846 F. Supp. 2d at 1354. Since Pretrial Order 320 did not compel Plaintiffs to provide or permit discovery, Rule 37(b)(2) does not apply.

III. FEDERAL RULE OF CIVIL PROCEDURE 16(F)

The crux of Defendants' argument is that the Court should refuse to permit Plaintiff's "late-filed discovery" because it is

6

"a surprise declaration obtained outside of discovery, without leave of Court, . . . outside the presence of counsel for Defendants[,]" and after Defendants refiled their motion for partial summary judgment. (Doc. 105 at 4.) "Rule 16(f) is a more appropriate vehicle for seeking sanctions where a party has violated a scheduling order[,]" which seems to be the argument Defendants are attempting to make in their motion. In re Delta, 846 F. Supp. 2d at 1354 n.15. Rule 16(f) authorizes the Court "on motion or sua sponte to impose sanctions for failure to comply with a scheduling or pretrial order[,]" and incorporates those sanctions authorized by Rule 37(b)(2) as available penalties. Brooks v. United States, 837 F.2d 958, 961 (11th Cir. 1988); Fed. R. Civ. P. 16(f).

Rejecting Defendants' characterization, Plaintiff contends Smith's declaration is merely testimonial evidence, not discovery subject to the MDL discovery deadline, and she was allowed to communicate with her treating physician. (Doc. 107 at 3-4.) Plaintiff argues Dr. Smith's declaration "merely supplements previous deposition testimony and reveals information that was not fully explored during his deposition[.]" (Id. at 5 n.4 (citing In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liab. Litig., Nos. 2:18-md-2846, 2:18-cv-01509, 2020 WL 3048190, at *4 (S.D. Ohio June 8, 2020).) Further, Plaintiff points out that Rule 56(c) authorizes the use of declarations to

7

demonstrate a fact is genuinely disputed in response to a motion for summary judgment, and Rule 56(d) contemplates additional time to secure an affidavit or declaration if a party lacks facts to oppose a motion for summary judgment, although it was not needed in this case. (Id. at 2-3.) In response, Defendant dismisses Plaintiff's argument that Dr. Smith's declaration is not discovery as "puzzling[] and irrelevant" because Plaintiff produced the declaration after he was deposed. (Doc. 110 at 5 n.4.) Defendants believe Plaintiff's reference to Rule 56(d) proves their point: she needed to request time to obtain Dr. Smith's declaration and did not do so. (Doc. 110 at 1-2.)

To be sure, some of the cases Plaintiff relies on can be distinguished,[3] but ultimately, her argument is well taken. Plaintiff is correct that Rule 56(c)(1) allows nonmoving parties to use a declaration to assert a fact is genuinely disputed in opposition to summary judgment. (Doc. 107 at 1-2); United States

---

[3] For example, in Intel Corp. v. VIA Technologies, Inc., an out-of-circuit case from 2001, the court addressed "whether the disclosure requirements of FRCP 26(a) and (e) require a party who has disclosed a potential witness also to reveal a declaration signed by the witness for use on an impending summary-judgment motion." 204 F.R.D. 450, 451 (N.D. Cal. 2001). Although the court, in dicta, explained that a declaration is more appropriately construed as a written form of anticipated oral testimony, the issue was whether a party could use a declaration of a disclosed witness even though it did not list the declaration as a document that would be used to support its claims or defenses pursuant to Rule 26(a)(1), not whether the document itself was discovery. Id. at 451-52.

v. Stein, 881 F.3d 853, 856-57 (11th Cir. 2018) ("Rule 56(a) authorizes summary judgment only when 'there is no genuine dispute as to any material fact' and the moving party is 'entitled to judgment as a matter of law.' Rule 56(c), in turn, allows a nonmoving party to dispute a material fact through an affidavit [or declaration.]" (citation omitted)); see also In re: Davol, 2020 WL 3048190, at *2, *8 n.1, *10 (denying defendants' motion to strike sham declaration of plaintiff's implanting physician disclosed after the close of discovery and after defendants' motion for summary judgment). Defendants miss the mark regarding the applicability of Rule 56(d), which is frequently used when a party moves for summary judgment before discovery has occurred. "Rule 56 provides a nonmoving party an alternative avenue to stave off the granting of a motion for summary judgment. The party can 'produce[] affidavits or other evidence contradicting the movants,' **or** the party can 'explain[] [its] failure to do so under subsection ([d]).' " Est. of Todashev by Shibly v. United States, 815 F. App'x 446, 450-51 (11th Cir. 2020) (per curiam) (emphasis added) (quoting Wallace v. Bownell Pontiac-GMC Co., 703 F.2d 525, 528 (11th Cir. 1983)).

In Nationwide Mutual Insurance Company v. Gray, a district court in the Eleventh Circuit denied a Rule 16(f) motion to strike affidavits filed in support of motion for summary judgment, explaining the fact that they had been "notarized after the court's

deadline to complete discovery [was] irrelevant." No. 7:08-CV-0358-SLB, 2010 WL 11565122, at *8 (N.D. Ala. June 1, 2010). Here, Defendants similarly argue Dr. Smith's declaration was belatedly secured after the discovery deadline, but they have not explained why Dr. Smith's declaration qualifies as discovery subject to Pretrial Order 320. Without further explanation, the Court declines to sua sponte impose sanctions pursuant to Rule 16(f) because it finds Dr. Smith's declaration does not violate the MDL Court's scheduling order.

IV.   Federal Rule of Civil Procedure 37(c)

As previously noted, Defendants principally argue the Court should strike Dr. Smith's declaration because it is discovery obtained in violation of Pretrial Order 320. (Doc. 105 at 4-5.) Defendants rely, however, on Pringle and other cases where courts excluded expert opinions when they were not properly disclosed pursuant to Rules 26 and 37(c). (Id.) In a footnote in another filing, Defendants mention that Dr. Smith's declaration fails to comply with the requirements of Rule 26(a) "to the extent" his testimony exceeds his observations and treatment of Plaintiff. (Doc. 106 at 7 n.5.) Other than that passing reference, Defendants make no initial argument regarding why Dr. Smith's declaration constitutes an expert opinion subject to Rule 26(a)(2)(B) or (C).

In opposing Defendants' motion, Plaintiff correctly highlights that Defendants rely on cases regarding expert

opinions. (Doc. 107 at 5 (citing Doc. 105 at 4-5).) She then argues that even if Dr. Smith's declaration could be construed to contain any expert opinions, which she disputes, Plaintiff complied with the disclosure obligations of Rule 26(a)(2)(C). (Doc. 107 at 5-7.) In their Reply in Support of their Motion to Strike, Defendants contend Plaintiff's general Rule 26(a)(2)(C) disclosure for all of her non-retained treating physicians fails to satisfy the requirements of that subsection. (Doc. 110 at 5-6.) Only after making this argument do Defendants, relying on Pringle, reference "section (2)(B)" and point out that treating physicians are subject to this rule when their opinions exceed the scope of treatment. (Id. at 6.)

This Court has previously explained the scope of Rule 26(a)(2) as follows:

> "[A] party must disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2)(B) dictates that "this disclosure must be accompanied by a written report-prepared and signed by the witness-if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." . . . In comparison, Rule 26(a)(2)(C) establishes a separate category "for witnesses who will testify as fact witnesses as well as offer expert opinions, a category into which treating physician experts often fall." Rangel v. Anderson, 202 F. Supp. 3d 1361, 1364 (S.D. Ga. 2016). . . . . "A court may exclude affidavits or testimony from a witness when 'a party fails to provide information or identify a witness as required by Rule 26(a).' " Kondragunta v. Ace Doran Hauling & Rigging Co., No. 1:11-cv-01094-JEC, 2013 WL 1189493, at *7 (N.D.

11

Ga. Mar. 21, 2013) (citing Fed. R. Civ. P. 37(c)(1)). " 'However, a court does not have to impose those sanctions if it believes the failure was substantially justified or is harmless.' " Rangel, 202 F. Supp. 3d at 1366 (citing Kondragunta, 2013 WL 1189493, at *7).

Kraese v. Jialiang Qi, No. CV417-166, 2021 WL 640826, at *3-4 (S.D. Ga. Feb. 18, 2021). "The party seeking sanctions under Rule 37 bears the burden to show that an opposing party failed to comply with discovery-related obligation[s] under the federal rules or a court order." Middlebrooks v. Equifax, Inc., No. 1:20-CV-1825-SCJ-JSA, 2021 WL 8268127, at *3 (N.D. Ga. Dec. 14, 2021) (citing DeepGulf Inc. v. Moszkowski, 333 F.R.D. 249, 253 (N.D. Fla. 2019)).

In Pringle, defendants Ethicon and Johnson & Johnson, presumably the same defendants named in this case, moved for partial summary judgment on plaintiff Cleola Pringle's failure to warn claim in a TVT-S medical device MDL, arguing "she had no evidence to establish the essential element of causation." 2019 WL 6723822, at *3. In response to the defendants' motion, Pringle moved to use an affidavit from her physician in which he hypothesized that he would not have implanted the device had he been given various warnings Pringle maintained should have been provided by the defendants. Id. The defendants moved to strike the treating physician's affidavit, arguing Pringle "had ample opportunity to procure [the doctor's] testimony during discovery, and . . . failed to show good cause or excusable neglect to justify an extension of time to do so." Id. at *4.

Pringle had identified her doctor as a "non-retained expert witness." Id. at *1. The court noted that Rule 26 distinguishes between the reports and disclosures required for an expert retained for the purpose of providing expert testimony and the "summary disclosures, in place of complete expert reports, of the opinions to be offered . . ." required for a non-retained expert. Id. While treating physicians typically fall into the category of non-retained experts responsible for "the less burdensome disclosure obligations of Rule 26(a)(2)(C)[,]" the court explained that they might be expected to comply with expert report disclosure requirements of Rule 26(a)(2)(B) "if they offer opinions that extend beyond their treatment of a patient or if they form opinions upon review of information provided by an attorney or in anticipation of litigation." Id. at *2. The court also acknowledged the Eleventh Circuit's concern with evidentiary problems regarding testimony from treating physicians and parties evading the reliability requirements of Rule 702 of the Federal Rules of Evidence by "proffering an expert in lay witness clothing." Id. at *3 (quoting Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1316-17 (11th Cir. 2011)).

The court concluded the affidavit of Pringle's treating physician, which addressed whether he would have implanted the device if given certain warnings, did not pertain to Pringle's treatment or help to understand the doctor's decision-making

13

process and was therefore "being offered . . . in the nature of expert testimony." Id. at *4. The court held the affidavit offered "an undisclosed expert opinion after the close of discovery and after the briefing of the motion for summary judgment[,]" and it "was not disclosed in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), Federal Rule of Evidence 702 and the strictures of Daubert." Id. Even though "[d]efendants did not raise Plaintiff's failure to comply with Rule 26(a)(2)(B) or (C) as a basis for their motion to strike[,]" the court denied Pringle's motion to use and granted the defendants' motion to strike the affidavit based on Rule 37(c)(1). Id. Rule 37(c) provides that a party is not allowed to use that information on a motion "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)" unless the failure was substantially justified or harmless. Id. The court found no valid justification for the delay and that consideration of the affidavit would be harmful because it was filed after the close of discovery and after the summary judgment motion had been fully briefed. Id. at *5.

In the Court's opinion, neither party addressed the primary holding of Pringle, which was that the physician's affidavit went beyond his treatment of the plaintiff and was therefore an expert opinion that had not been disclosed in accordance with the

14

requirements of Rule 26(a)(2)(B). 2019 WL 6723822, at *4.[4] While the court in <u>Pringle</u> granted Defendants' motion to strike even though "[d]efendants did not raise Plaintiff's failure to comply with Rule 26(a)(2)(B) or (C) as a basis for their motion to strike[,]" 2019 WL 6723822, at *4, upon careful consideration, this Court declines to do the same. In <u>Pringle</u>, the primary case Defendants relied on, the court spelled out the proper authority and necessary arguments for defendants to make in this situation. <u>Id.</u> Despite clearly encountering this instruction, Defendants incorrectly based their motion solely on Rule 37(b) and did not explain to the Court why Dr. Smith's statements constitute expert opinions requiring compliance with Rule 26(a)(2)(B) or whether the Court should impose sanctions pursuant to Rule 37(c) because the insufficient disclosure was not substantially justified or harmless. As a result, the Court also lacks the benefit of Plaintiff's argument on these issues. The Court is not inclined to deduce the Defendants' arguments on these issues considering the

---

[4] In <u>Pringle</u>, the court clearly stated the plaintiff's failure to comply with Rule 26(a)(2)(C) was "not the basis for the Court's ruling on the present motions." 2019 WL 6723822, at *3 n.3. Thus, the Court does not interpret Defendants' reliance on <u>Pringle</u> in their motion to strike as an argument that Plaintiff failed to comply with Rule 26(a)(2)(C) and rejects any argument that the discussion in Plaintiff's response and Defendants' reply demonstrates as much. <u>See</u> <u>S. Motors Chevrolet, Inc. v. Gen. Motors, LLC</u>, No. CV414-152, 2015 WL 13035177, at *5 n.5 (S.D. Ga. July 30, 2015) ("[T]his circuit recognizes the settled rule that federal courts do not consider arguments advanced for the first time in a reply brief or memorandum.").

burden is on Defendants to show that an "opposing party failed to comply with a discovery-related obligation[.]".[5] <u>Middlebrooks</u>, 2021 WL 8268127, at *3. Accordingly, Defendants' motion to strike (Doc. 105) is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendants' motion to strike (Doc. 105) is **DENIED**. The Court will issue its ruling on Defendants' motion for summary judgment in due course.

SO ORDERED this **26th** day of July 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] Plaintiff points out that Defendants also identified Dr. Smith as a non-retained expert and briefly suggests that Defendants should also be barred from using Dr. Smith's testimony about how he would have treated Plaintiff if he had been given certain information. (Doc. 107 at 7-8, 8 n.6.) Because Plaintiff makes this argument in a similarly conclusory fashion, the Court is further concerned it would be unfair to sua sponte decide the issue for Defendants without a thorough argument on the appropriate grounds and not do the same for Plaintiff.