IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BETTY C. FIELDS, now known as )
Betty Jean, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV421-020
 )
ETHICON, INC. and JOHNSON & )
JOHNSON, )
 )
    Defendants. )
 )

## O R D E R

Before the Court is Defendants Ethicon Inc. and Johnson & Johnson's Brief Concerning Unresolved General <u>Daubert</u> Issues (Doc. 112), which Plaintiff opposes (Doc. 113). For the following reasons, the Court **GRANTS** Defendants' request for the Court to resolve the issues reserved or not addressed by the MDL Court subject to the following directives.

This case was officially transferred to this Court on January 26, 2021, from Multi-District Litigation No. 2327 before the Honorable Joseph R. Goodwin, United States District Court Judge for the Southern District of West Virginia. (Doc. 87.) On March 22, 2021, this Court directed the parties to provide a status update in light of the voluminous record in the case. (Doc. 97 at 1.) In their Joint Status Report, the parties stated that they disagree "with respect to the status of the general <u>Daubert</u> motions

that were filed in the MDL against the parties' respective general experts."[1] (Doc. 98 at 3.) Accordingly, the Court directed the parties to brief their contentions about the general Daubert motions. (Doc. 104 at 1.)

The parties explain that the MDL Court utilized "waves" – groups of cases designated for pretrial discovery and motion practice under the same timeline – to work up cases in the MDL. (Doc. 98 at 2.) This case was a member of Wave 10. (Id.) During the MDL proceedings, the parties filed motions challenging certain opinions of the opposing party's general designated experts under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). (Id. at 2-3.) The MDL Court instructed the parties to file only one Daubert motion per challenged general expert but permitted the parties to adopt Daubert motions on general causation experts, and responses thereto, which were filed in previous waves. (Doc. 24 at 5, 5 n.6.)

The MDL Court entered orders ruling on general Daubert motions in Wave 1, granting in part, denying in part, and sometimes "reserving ruling until the reliability of the expert testimony [could] be evaluated at trial." (See Doc. 112 at 2; Doc. 113 at 2, 3; Doc. 113, Attach. 3 at 4-5.) For example, and relevant to this

---

[1] The parties did not alert the Court to any unresolved case-specific expert testimony. (Doc. 98.)

2

order, the MDL Court issued orders in Wave 1 that dealt with Daubert issues related to Scott Guelcher, Ph.D., Dionysios K. Veronikis, M.D, and Dr. Jimmy W. Mays. (Doc. 113, Attachs. 1, 2, 3.) In subsequent waves, the MDL Court criticized arguments in Daubert motions that challenged "even the slightest alteration" to an expert's opinion even though the crux of the opinion did not change. (E.g., Doc. 112, Attach. 2 at 1-2.) As a result, when ruling on new Daubert motions, the MDL Court regularly adopted its Wave 1 Order with the following reservation: "to the extent that the parties raise Daubert challenges not previously addressed in the court's Prior Order[,] . . . those challenges are **RESERVED for trial**." (Id. at 2.) Prior to transfer, the MDL Court did not enter any orders in Wave 10 on any of the parties' adopted Daubert motions. (Doc. 112 at 3, 5.)

In this case, Plaintiff identified five general experts (Doc. 112, Attach. 1 at 1-2), and Defendants identified five general experts as well as an alternate (Doc. 111, Attach. 1 at 3). The parties here have adopted many of the Daubert motions from prior waves challenging the experts identified in this case. (See generally Doc. 75 at 1-9.) Defendants do not object to this Court's adoption of the MDL Court's prior orders, so long as their objections to the same are preserved. (Doc. 112 at 5.) Defendants, however, contend certain issues were not resolved or were reserved by the MDL Court, and these issues should be decided prior to

3

trial. (Id.) Defendants indicate they moved in the MDL proceedings to exclude certain opinions of Scott Guelcher, Ph.D., and Dionysios K. Veronikis, M.D,[2] and have identified what they contend are the unresolved issues in need of a ruling by this Court. (Id.) Plaintiff also moved to exclude the opinions of Defendants' experts, but she counters that the MDL Court's orders dealing with the experts are the law of the case and any remaining issues must be decided at trial. (Doc. 113 at 2 n.1, 3, 5.) Plaintiff did not identify those motions or what unresolved issues remain to be decided at trial.

Defendant is correct that, at least in the orders presently before the Court, the MDL Court reserved ruling on some challenges to an expert's opinion. (E.g., Doc. 113, Attach. 3 at 7.) In the interests of efficiency and judicial economy, the Court finds it prudent to address the issues not resolved or reserved by the MDL Court prior to trial subject to the following directives.

- Because the parties have adopted briefing from prior waves in the MDL and the Court sees no reason to depart from the MDL Court's orders, the Court intends to adopt the MDL Court's

---

[2] Defendants also state they moved to exclude certain opinions of Jimmy Mays, Ph.D., but that there are no unresolved issues as to Dr. Mays if the Court adopts the MDL's prior Daubert rulings. (Doc. 112 at 2, 5.) Additionally, Defendants explain Plaintiff designated Dr. John R. Miklos, a urogynecologist, as a retained expert, but he has not authored a general report on Gynemesh PS so the reserved issues as to Dr. Miklos's general-causation testimony are not applicable. (Id. at 2 n.1.)

4

orders from the prior waves on the parties' experts relevant to this case. Defendants indicate at least some of these orders have not been filed in this Court's record. The parties are **DIRECTED** to confer and jointly identify all relevant MDL orders and file those orders not already in the record as they have previously done with the joint designation of record within **21 days** of the date of this order.

- The Court will permit the parties to each file a single Daubert motion of no more than 25 pages covering all issues they contend were reserved or not properly addressed in the MDL Orders. Therefore, the parties should carefully consider the issues they raise in the briefing. The parties **SHALL NOT** raise any arguments already resolved by the MDL Court. Further, the parties **SHALL NOT** raise any arguments which they failed to raise in the MDL. The failure to present these issues raised but undecided in the MDL at this time will result in forfeiture of the argument. The parties must not merely incorporate or reference arguments from prior filings, and any relevant exhibits must be attached to the motion. Given the size of the MDL and the numerous remand proceedings that have already occurred in other courts, the Court believes most unresolved issues have already been litigated in other courts. To the greatest extent possible, the parties must

cite to decisions of the MDL court and the remand courts that address the unresolved Daubert issues.

- Each party shall file its one motion of no more than 25 pages setting forth the reserved issues within **21 days** of the date of this order;
- Responsive briefs of no more than 25 pages are due **21 days** after any motion that is filed; and
- Reply briefs of no more than 15 pages are due **14 days** after any responsive brief that is filed.

- In the joint status report, the parties also notified the Court that Defendants had not yet determined whether they would depose Dr. Bernd Klosterhalften, and they agreed Defendants had reserved the right to file a related Daubert motion. (Doc. 98 at 4.) The deadline for the parties to complete the remaining discovery, including Dr. Klosterhalfen's deposition, was March 31, 2022. (Doc. 130.) The Court will permit Defendants to file a separate Daubert motion related to Dr. Klosterhalften. Any motion Defendants intend to file must be filed within **21 days** of the date of this order. Defendants' motion and any response thereto are subject to the local rules of this district.

Finally, because Defendants objected to Plaintiff's use of certain evidence in opposition to Defendants' motion for partial summary judgment as subject to a motion to exclude under Daubert (Doc. 106, Attach. 2 at 2-5), the Court may need to resolve these Daubert issues prior to ruling on the motion.

SO ORDERED this 28th day of July 2022.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA